# In the United States District Court for the Western District of Texas

| | | |
|---|---|---|
| RANDY WALLS | § | |
| | § | |
| v. | § | SA-05-CR-183 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## ORDER

On this day came on to be considered Walls' Motion to Vacate (docket no. 82), the Magistrate Judge's Memorandum and Recommendation (docket no. 83), and Walls' Objections to the Magistrate Judge's Memorandum and Recommendation (docket no. 87). After careful consideration, the Court will accept the recommendation and dismiss this case.

### Background

On April 6, 2005, a grand jury charged Walls with conspiracy to manufacture methamphetamine, aiding and abetting with others to manufacture methamphetamine, and aiding and abetting with others to possess pseudoephedrine, with the intent to manufacture methamphetamine.

On September 7, 2005, he signed a plea agreement wherein he pled guilty to count one of the indictment (conspiracy to manufacture methamphetamine). His guilty plea was accepted by the Court and on January 18, 2006, he was sentenced to 97 months imprisonment by the Honorable W. Royal Furgeson.

Walls did not appeal the sentence.

On March 26, 2010, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In that motion he argues that his due process rights were violated when his presentence report included an additional three points to his base offense level for creating a substantial risk of harm to human life and the environment pursuant to USSG § 2D1.1.[1] He also argues that the three-point enhancement was not proper inasmuch as there was no environmental cleanup necessary because no manufacturing of methamphetamine had yet taken place at the hotel suite used by the conspirators, and that enhancement violated the Double Jeopardy Clause. He further argues that the Court adopted the enhancement without making any factual findings to support the enhancement.

On April 13, 2010, the Magistrate Judge issued his Memorandum and Recommendation, wherein the Magistrate Judge recommended that the motion to vacate be denied because the motion was filed outside the limitations period required under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The Magistrate Judge concluded that the limitations period expired on February 3, 2007. Alternatively, the Magistrate Judge concluded that the factual basis recounted in Walls' plea agreement supported the enhancement. In addition, the Magistrate Judge concluded that Walls agreed in his plea agreement that he would waive any right to appeal his sentence.

---

[1] Walls' counsel filed a written objection this enhancement, arguing that the Defendant denied that a substantial risk of harm was created and that the enhancement had not been agreed to in the plea agreement.

2

**Standard of Review**

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

On the other hand, any Report or Recommendation that is objected to requires de novo review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). In this case, Plaintiff objected to the Magistrate Judge's recommendation, so the Court will conduct a de novo review.

**Analysis**

Walls objects to the Magistrate Judge's Recommendation arguing: (1) his motion is not barred by his plea agreement because the Government misrepresented the facts regarding the substantial risk of harm enhancement; (2) the Government's withholding of evidence regarding the "substantial risk of harm" issue was a *Brady* violation; and (3) he requested from his attorney, and

3

later the Drug Enforcement Agency (DEA) by way of a FOIA request[2], documents relating to the substantial risk enhancement and he only received them in November 2009, such that there should be an equitable tolling of the AEDPA limitations period.

The decision whether to equitably toll the limitations period turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). But equitable tolling is permitted only "in rare and exceptional circumstances." *U.S. v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008). In this case, although he was sentenced on January 18, 2006, he failed to appeal the sentence, never argued ineffective assistance of counsel, and then apparently waited until May 13, 2009 to send a FOIA request to the DEA. Walls has not demonstrated that he is entitled to any equitable tolling in this case.

As to his claim that there was a *Brady* violation that justifies an equitable tolling, the Government committed no *Brady* violation. The DEA invoice showing the removal of various items from the hotel suite was not exculpatory.

## Conclusion

Accordingly, for the reasons discussed herein, the Court ACCEPTS the Magistrate Judge's recommendation and DISMISSES this cause.

---

[2] Walls attaches as an exhibit to his motion a letter from the DEA dated November 18, 2009. The letter is in response to Walls' FOIA request of May 13, 2009. The response indicates that on March 11, 2005, a hazardous waste removal crew responded to a hotel suite and removed charcoal starter, muriatic acid, hydrogen peroxide, red devil lye, iodine crystal and that various non-hazardous items were also removed. Notwithstanding the DEA response, Walls argues that there was no operational meth lab, there was merely regular household items present that posed no danger, and the DEA merely orders these hazardous waste teams to respond to locations for the purpose of securing an enhancement.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires the movant to demonstrate that the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further. *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999). The district court must either issue a certificate of appealability which satisfies the required showing, or must state the reasons why a certificate should not issue. Fed. R. App. P. 22(b). For the reasons explained in this Court's order denying the movant's motion to vacate sentence, the movant has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability should not issue in this action. As a result, the Court DENIES the movant's request for a certificate of appealability.

It is so ORDERED.

SIGNED this 12th day of May, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE